### In re CHALMERS.

(District Court, D. Montana. May 29, 1913.)

No. 714.

BANKRUPTCY (§ 140*)—BAILMENT—RECLAMATION OF PROPERTY BY BAILOR.

A shipment of flour to a bankrupt, on an oral agreement that he would store it, sell as he could, and thereupon account and pay for the quantity sold at invoice price was not a conditional sale, but merely a bailment until and to the extent that sales were made, and on the bankruptcy the shipper was entitled to reclaim from the trustee the flour remaining unsold.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

In the matter of C. D. Chalmers, bankrupt. On review of referee's order denying petition of the Madison State Bank for reclamation of property. Reversed.

M. M. Duncan, of Virginia City, Mont., for trustee.
E. B. Howell, of Butte, Mont., for claimant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BOURQUIN, District Judge. Review of a referee's order, denying a claimant's petition for delivery to it of certain property in the possession of the trustee as assets of the bankrupt's estate.

It appears the claimant owned certain flour, which it shipped to the bankrupt in July, 1911, upon an oral agreement that the bankrupt would store it, sell when he could and thereupon pay to the claimant the invoice price. The flour was a local brand, without established market, and the bankrupt would not buy it. The claimant says that so far as it was concerned the bankrupt could do what he pleased with the flour, so long as he paid the invoice price; but the agreement was as aforesaid. The bankrupt sold some of it, and accounted to the claimant on demand in November, 1911. Thereafter he sold more, but did not account or pay for it. During this time the claimant also sold some of the flour, and the bankrupt delivered it; but the bankrupt received no compensation of any kind, and claims none. The bankrupt was so adjudicated in November, 1912. He scheduled the balance of the flour as assets, and the value as a debt due claimant. The trustee took possession.

If the arrangement was a conditional sale, it is void under local law. The agreement is brief; but, taken in connection with what the law implies and the conduct of the parties, it would seem their intention was not a conditional sale, but in the nature of a consignment to sell, and in legal effect a bailment, with an option in the bankrupt to purchase, and to be exercised, if at all, simultaneously with and to the extent of any sale of the flour by the bankrupt. It resembled, but was not, a del credere agency. Upon any sale made, the bankrupt alone became debtor to the claimant for the invoice price, and he could sell at any time, to any one, at any price, and on any terms. He sold as principal; the legal effect being that, when he sold, he also bought from the claimant, and title was transferred out of the claimant, via the bankrupt, to the purchaser. The bankrupt did not agree to buy when possession was given him, nor did the claimant agree to sell to him. The relation of debtor and creditor did not exist between them then, nor until sale made by the bankrupt, and then only to the extent of the sale. The bankrupt did not agree to pay, nor did he become liable to pay, for unsold flour at any time. Before sale, the flour could not have been levied on for the bankrupt's debts, but could have been for the claimant's debts. Before sale, the claimant could sell the flour or demand possession at any time. Before sale, the flour destroyed, the loss would be wholly claimant's; and, before sale, title was wholly in claimant. All this distinguishes bailment from sale. See Nutter v. Wheeler, Fed. Cas. No. 10,384; In re Linforth, Fed. Cas. No. 8,369; Tiedeman, Sales, §§ 5, 8.

The order of the referee is reversed, with directions to restore the flour to claimant.